NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARLOS CHACLAN-PEREZ, | No. 07-74005 |
| Petitioner, | Agency No. A095-689-760 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 25, 2010 [**]

Before: CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Carlos Chaclan-Perez, a native and citizen of Guatemala, petitions pro se for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility determination, *Sidhu v. INS*, 220 F.3d 1085, 1088 (9th Cir. 2000), and we deny the petition for review.

In his opening brief, Chaclan-Perez did not challenge the agency's dispositive determination that his asylum claim is time-barred. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) (issues not supported by argument are deemed abandoned).

Substantial evidence supports the agency's adverse credibility determination. Chaclan-Perez's testimony was inconsistent with his asylum application, *see Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir. 2004), and vague and lacking in detail concerning his student status during the years he was allegedly attacked and threatened because of his participation in the university student organization, *see Singh-Kaur v. INS*, 183 F.3d 1147, 1153 (9th Cir. 1999) (holding level of specificity proper consideration in adverse credibility determination). In addition, Chaclan-Perez failed to provide evidence of his 1998 university enrollment after the IJ granted a continuance for that purpose. *See Sidhu*, 220 F.3d at 1090 ("[I]f the trier of fact either does not believe the applicant or does not know what to believe, the applicant's failure to corroborate his testimony can be fatal to his . . . application."). In the absence of credible testimony, Chaclan-Perez's

withholding of removal claim fails.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Chaclan-Perez's CAT claim is based on the testimony the agency found not credible, and he points to no other evidence to show it is more likely than not he would be tortured if returned to Guatemala, his CAT claim fails.  *See id*. at 1156-57.

**PETITION FOR REVIEW DENIED.**

07-74005